**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TODD K. SLATER, an individual, | ) Case No.: 3:20-cv-01897-BEN-RBB |
| Plaintiff, | ) |
| v. | ) **ORDER GRANTING IN PART** |
| STANLEY BLACK & DECKER, INC.; DOES 1-10, inclusive, | ) **PLAINITFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| Defendant. | ) |
| | ) **[ECF Nos. 7, 8, 9]** |

## I. INTRODUCTION

Plaintiff Todd K. Slater, an individual ("Plaintiff") brings this action for unpaid wages against Defendant Stanley Black & Decker, Inc. ("Defendant"). ECF No. 1.

Before the Court is Plaintiff's Motion for Leave to File a First Amended Complaint. Motion, ECF No. 7. Defendant opposed. ECF No. 8. Plaintiff replied. ECF No. 9. The motions were submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. ECF No. 10.

After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS IN PART** Plaintiff's Motion.

## II. BACKGROUND

### A. Statement of Facts

Plaintiff alleges that in August 1988, he became a full-time employee for

Defendant. ECF No. 1-3 at 15,[1] ¶ 11. On January 10, 2019, Plaintiff gave his supervisor two-week notice of his intention to resign. *Id.* at 16, ¶ 14. On January 24, 2019, Plaintiff completed his last day of work but was not paid all wages due and owing to him, including but not limited to his vested paid time off and vacation pay. *Id.* at 16, ¶ 16.

### B. Procedural History

On August 17, 2020, Plaintiff filed a complaint in the Superior Court of the State of California for the County of San Diego, *Slater v. Stanley Black & Decker*, Case No. 37-2020-00028762-CU-OE-CTL, alleging six cause of action for: (1) unpaid wages due upon resignation; (2) unpaid paid time off/vacation pay on resignation; (3) waiting time penalties; (4) failure to provide records upon request penalty; (5) failure to provide accurate itemized wage statements; and (6) restitution, injunction, penalties and attorney's fees for unfair business practices. Notice of Removal, ECF No. 1 ("NOR") at 2-3, ¶¶ 1-2.

On August 24, 2020, Plaintiff served Defendant. NOR at 3, ¶ 3. On September 22, 2020, Defendant filed its answer in the San Diego Superior Court. NOR at 3, ¶ 5. On September 23, 2020, Defendant timely removed the case to the Southern District of California. *Id.*

On December 18, 2020, Plaintiff filed a Motion for Leave to File a First Amended Complaint. Motion, ECF No. 7 ("Mot."). On January 15, 2021, Defendant filed an opposition, advising that it did not oppose leave to amend except to the extent Plaintiff sought to amend his Sixth Claim for injunctive relief. Opposition, ECF No. 8 ("Oppo.") at 4:2-6. On January 25, 2021, Plaintiff filed a reply brief. Reply, ECF No. 9 ("Reply").

## III. LEGAL STANDARD

Once a responsive pleading is filed, a plaintiff can amend a complaint "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Courts have broad discretion to grant leave to amend a complaint. *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 420 (9th Cir. 2020); *see also Morongo Band of Mission Indians v. Rose,* 893

---

[1]    Unless otherwise indicated, all page number references are to the ECF generated page number contained in the header of each ECF-filed document.

F.2d 1074, 1079 (9th Cir.1990) (stating that leave to amend is to be granted with "extreme liberality").  "A district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 845 (9th Cir. 2020) (holding that "the district court did not abuse its 'particularly broad' discretion in denying leave to amend") (citing *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006)).  Generally, amendments adding claims are granted more freely than amendments adding parties. *Union Pacific R.R. Co. v. Nevada Power Co.,* 950 F.2d 1429, 1432 (9th Cir. 1991).  However, the Court's discretion to deny leave to amend includes the right to deny leave to amend where amendment may prove to be an effort in futility. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

## IV.    DISCUSSION

Plaintiff alleges that his motion seeks leave to amend to (1) clarify the claims being made for restitutionary and injunctive components by (a) making clear Plaintiff is not seeking class restitution but rather (b) a more full enumeration of the permanent injunctive relief sought and (2) correct a typographical error in Plaintiff's name, changing Plaintiff's middle initial from "A" to "K."  Mot. at 1-2; *see also* Declaration of Douglas Cleary in Support of Plaintiff's Motion for Leave to Amend, ECF No. 7-2 ("Cleary Decl.") at 2. Plaintiff's counsel initially advised that Defendant's counsel had not responded as to whether they will stipulate or agree to the filing of the proposed First Amended Complaint (the "FAC").  Cleary Decl. at 2-3, ¶¶ 13-17.  However, on January 15, 2021, Defendant filed an opposition brief, advising that it did not oppose Plaintiff's proposed amendments, except to the extent Plaintiff seeks to amend his Sixth Claim for injunctive relief under California's Unfair Competition Law, C<small>AL</small>. B<small>US</small>. & P<small>ROF</small>. C<small>ODE</small>, § 17200, *et seq.* (the "UCL").  Oppo. at 4:2-6.

Because courts freely grant leave to amend and Defendant does not oppose any amendments other than those pertaining to the Sixth Claim for Relief, the Court grants the uncontested amendments and addresses only the contested amendment.

Plaintiff's lawsuit, including but not limited to his Sixth Claim for Relief is brought in his individual capacity. ECF No. 7 at 11, ¶ 51. Defendant points out that a plaintiff seeking relief under California's UCL may only receive restitution, not damages. Oppo. at 6:18-19. In reply, Plaintiff argues that his amendments should be permitted because he only seeks to require Defendant to notify others of Defendant's unlawful actions, not to require Defendant to pay them restitution.

California's UCL prohibits business acts or practices that are (1) fraudulent, (2) unlawful, or (3) unfair. *Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 878 (N.D. Cal. 2010); *see also Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1151 (9th Cir. 2008) (applying California law). Each prong of the UCL constitutes a separate and distinct theory of liability. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009). "A 'business act or practice' is 'unlawful' under the unfair competition law if it violates a rule contained in some other state or federal statute." *Sandoz Inc. v. Amgen Inc.*, 137 S. Ct. 1664, 1673 (2017) (citing *Rose v. Bank of America, N. A.,* 57 Cal.4th 390, 396 (2013)).

"To have standing to assert a Section 17200 claim, the plaintiff must '(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that that economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim.'" *In re Turner*, 859 F.3d 1145, 1151 (9th Cir. 2017) (citing *Kwikset Corp. v. Super. Crt.*, 51 Cal. 4th 310 (2011)) (emphasis in original); *see also Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1020 (9th Cir. 2020); Bus. & Prof. Code, § 17204; *Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 227 (2006). "A plaintiff fails to satisfy this causation requirement if he or she would have suffered 'the same harm whether or not a defendant complied with the law.'" *Turner*, 859 F.3d at 1151.

The remedies for violation of the UCL are limited to injunctive relief and restitution—a plaintiff may not recover monetary damages. *Chambers v. Whirlpool Corp.*, No. 16-56666, -- F.3d --, 2020 WL 6578223, at *7 (9th Cir. Nov. 10, 2020); *Cortez v.*

*Purolater Air Filtration Prod. Co.*, 23 Cal.4th 163, 173 (2000). California's UCL "'operates only to return to a person those measurable amounts which are wrongfully taken by means of an unfair business practice' to require that restitution 'must be of a measurable amount to restore to the plaintiff what has been acquired by violations of the statutes, and that measurable amount must be supported by evidence.'" *Id.* at 1077.

In determining whether a plaintiff should be granted leave to amend, courts consider "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). For example, in *Parents for Privacy v. Barr*, 949 F.3d 1210, 1239 (9th Cir. 2020), the Ninth Circuit affirmed the district court's denial of leave to amend because "[f]urther amendment would simply be a futile exercise." In doing so, the Court noted that "[t]he problem with Plaintiffs' complaint, however, is not the sufficiency of their factual allegations" but "[r]ather, as we have explained above, Plaintiffs' legal theories fail." *Id.* There, "[a]mending the complaint will not change, for example, the extent of the rights that are protected." *Id.*

In the present case, Plaintiff timely seeks leave to amend, and as such, dilatory motive, undue delay, or repeated failure to cure deficiencies are not at issue. Further, the Court does not find the proposed amendments to be sought in bad faith. However, as analyzed below, the Court finds some of the proposed amendments futile. Specifically, with respect to the Sixth Claim for Relief, after careful comparison of the operative pleading to the FAC attached to Plaintiff's motion,[2] the Court finds that Plaintiff's FAC

---

[2]   Local Rule 15.1 requires that "[a]ny motion to amend a pleading . . . be accompanied by . . . a version of the proposed amended pleading that shows—through redlining, underlining, strikeouts, or other effective typographic methods—how the proposed amended pleading differs from the operative pleading." S.D. Cal. Civ. R. 15.1(b). The Court notes that Plaintiff's failure to comply with this rule made it difficult for the Court to easily identify the amendments to the operative pleading. The Court orders that any future motions for leave to amend comply with this rule.

makes the following revisions to the Sixth Claim for Relief, the only contested claim:

First, Plaintiff adds additional allegations and detail to Paragraph 52 of the FAC. These proposed amendments not only cause no prejudice to Defendant but also appear to be uncontested. As such, the Court allows Plaintiff to make these amendments.

Second, Plaintiff adds the phrase ... "and which may be enjoined under Bus. & Prof. Code § 17203" to Paragraph 53 of the FAC. This amendment is denied. This phrase attempts to define Defendant's actions and conclusorily alleges that they may be enjoined rather than pleading that Plaintiff alleges that may be or asking that they may be enjoined.

Third, Plaintiff seeks to add additional detail and factual allegations to Paragraph 54. As with the amendment to Paragraph 52 of the FAC, this amendment likewise causes no prejudice and is permitted.

Fourth, the amendments primarily contested by Defendant pertain to Paragraph 57 of the FAC as well as the Prayer for Relief and are indicated below in italics:

> DEFENDANTS ARE ENJOINED AND RESTRAINED FROM (1) FAILING TO PAY ALL COMPENSATION DUE TO THEIR EMPLOYEES INCLUDING, BUT NOT LIMITED TO, ALL VESTED PTO/VACATION PAY *AT THE CORRECT FINAL RATE OF PAY WHICH INCORPORATES ANY BONUSES, COMMISSIONS, AND OTHER INCENTIVE PAY EARNED BY THEIR EMPLOYEES, AND NOT JUST THEIR BASE RATE OF PAY WHEN THE EMPLOYEE IN QUESTION EARNS SUCH BONUSES, COMMISSIONS, AND OTHER INCENTIVE PAY;* (2) FAILING TO TIMELY PROVIDE EMPLOYEES' THEIR RECORDS AFTER REQUEST PURSUANT TO STATUTE; *(3)* NOT TIMELY PAYING ALL WAGES DUE THEIR EMPLOYEES UPON TERMINATION*; (4) NOT PAYING THEIR FORMER EMPLOYEES THEIR CONTINUING WAGES UNDER LABOR CODE § 203, AND 5)* [sic] *FAILING TO PROVIDE ACCURATE, ITEMIZED WAGE STATEMENTS TO THEIR EMPLOYEES*.
>
> *DEFENDANTS ARE FURTHER ORDERED TO (6) IDENTIFY ALL CALIFORNIA EMPLOYEES TERMINATED IN THE FOUR YEARS PRIOR TO THE FILING OF THE COMPLAINT IN THIS MATTER THAT EARNED BONUS, COMMISSION, OR*

> *OTHER INCENTIVE PAY THAT HAD PTO/VACATION PAY THAT WAS PAID AT THEIR BASE RATE AND NOT THEIR FINAL RATE OF PAY, (7) CALCULATE THE AMOUNT OF THE UNDERPAYMENT OF PTO/VACATION PAY WAGES FOR EACH SUCH EMPLOYEE, (8) CALCULATE THE INTEREST OWED TO EACH SUCH EMPLOYEE DUE TO THE UNDERPAYMENT, (9) CALCULATE THE WAITING TIME PENALTY OWED TO EACH SUCH UNDERPAID EMPLOYEE, AND (10) NOTIFY EACH SUCH UNDERPAID EMPLOYEE OF THEIR UNDERPAID WAGES, INTEREST TO THE DATE OF PAYMENT, THE WAITING TIME PENALTY, THEIR RIGHT TO RECOVER THOSE FUNDS, AND HOW LONG THEY HAVE TO FILE SUIT TO COLLECT THOSE SUMS, OR, IN THE ALTERNATIVE, PAY THOSE EMPLOYEES THOSE SUMS DIRECTLY AND AVOID INCURRING THE ATTORNEY'S FEES THAT WOULD NATURALLY FOLLOW FOR THE EMPLOYEES WHO ENGAGE COUNSEL.*

Defendant opposes Plaintiff's proposed amendment to the Sixth Claim for Relief by arguing "[t]he remedy sought in the proposed amendment is not restitutionary because Plaintiff does not have an ownership interest in the money he seeks to require [Defendant] to pay to third parties," who are other employees, "whom [Plaintiff] does not represent in this action." Oppo. at 7:10-18. Defendant elaborates that "Plaintiff's proposed amendment is futile because the relief sought may not be granted as a matter of law." *Id.* at 7:24-25. In reply, Plaintiff clarifies that his motion for leave to file a FAC "seeks to remove any representative capacity language from the complaint and does not seek restitution of any sums for the potential class of other similar employees affected by the unfair business practices alleged." Reply at 2:4-7. He elaborates that he "*merely seeks to* have the defendant *notify* any of the defendant's employees of the unfair business practices which it has engaged in who are still eligible to collect the sums owed so as to 'prevent the use or employment … of any practice which constitutes unfair competition.'" *Id.* at 2:8-12. He argues that by requiring Defendant to tell other employees affected by its alleged wrongful behavior, Plaintiff will prevent Defendant from further undertaking wrongful behavior. *Id.* at 2:12-14. According to Plaintiff, such an amendment "is not 'futile'" as Plaintiff does

"not seek 'damages' or 'disgorgement of profits' on behalf of anyone else, merely that the defendant *notify* the relevant employees of what the defendant allegedly owes them so as *to prevent* the defendant from further *use* or *employment* of the unlawful business practice." *Id.* at 4:11-15.

As stated, California's UCL only provides for restitution or injunctive relief. Plaintiff's proposed FAC seeks both restitution, on Plaintiff's behalf, and injunctive relief but not declaratory relief. Mot. at 13-15. Plaintiff's request that the Court order Defendant to provide notice to all employees does not qualify as restitution. *See, e.g.*, *Loomis*, 420 F. Supp. 3d at 1077 ("Restitution is the 'return [of] money obtained through an unfair business practice to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property or those claiming through that person.'") (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1140 (2003)). Further, while Plaintiff describes it as an order commanding Defendant to provide notice, in reality, Plaintiff is asking the Court to command Defendant to take action with respect to third parties, who are not part of this lawsuit when this lawsuit is not a putative class action. The Court finds the addition of the required notice to other employees to be overly broad given this is not a putative class action. Thus, these amendments would be subject to a motion to dismiss, meaning that allowing Plaintiff to make them would prove to be an exercise in futility. The UCL's purpose is to prevent unfair and unlawful business practices, and the injunction sought in the paragraph preceding the contested amendments will sufficiently accomplish this purpose.

## V. CONCLUSION

For the above reasons, the Court **GRANTS IN PART** Plaintiff's Motion for Leave to Amend as follows:

1. Plaintiff may file a First Amended Complaint containing all of his proposed amendments except for the following two amendments:

   a. Plaintiff's request to add the phrase "and which may be enjoined under Bus. & Prof. Code § 17203" to Paragraph 53 of the FAC is denied.

    b. Plaintiff's request to add the third paragraph to Paragraph 57 of Plaintiff's Sixth Claim for Relief starting with "Defendants are further order to . . ." as well as subitems 6 through 10 to the Prayer for Relief are denied.

  2. Plaintiff is directed to file the amended complaint removing the portions of the FAC to which the Court denied leave to amend by Friday, January 29, 2021.

  3. Defendant need not but may file a new responsive pleading within five (5) days of Plaintiff filing his First Amended Complaint.

**IT IS SO ORDERED.**

DATED: January 26, 2021

                **HON. ROGER T. BENITEZ**
                United States District Judge